The petitioners, Stallings Sons, Inc. ("Stallings"), Dixie Electric Company, Inc., Bradley Plumbing Heating, Inc., and J J Industrial Pipe Fitting, Inc., seek a writ of mandamus directing the Montgomery County Circuit Court to vacate its order staying their action against Sherlock, Smith Adams, Inc. ("SS A"), pending arbitration *Page 862 
and ordering the parties to arbitrate. The petitioners are all contractors that were involved in constructing an addition to the Bullock County Hospital in Union Springs. SS A was the architectural firm hired to design the project and to assist in overseeing its construction. Stallings alleged that SS A suppressed information about the project and was generally derelict in fulfilling its duties, and that it thereby caused Stallings to suffer economic losses. Stallings sued SS A alleging fraudulent suppression, negligence, wantonness, and intentional interference with contractual relations. The other petitioners sued SS A alleging negligence.
SS A moved to have the action stayed pending arbitration, based on an arbitration clause in Stallings's contract with the Bullock County Hospital Board ("the Board"). American Institute of Architects ("AIA") Document A201, General Conditions of theContract of Construction, was incorporated by reference into Stallings's contract with the Board. AIA Document A201, paragraph 4.5.1, provides as follows:
 "Any controversy or claim arising out of or related to the Contract, or breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association."
SS A was not a party to the contract between Stallings and the Board. There was no arbitration clause in the form contract between SS A and the Board, which was not an AIA document, or in any documents incorporated into that contract. The petitioners argue that they were under no duty to arbitrate the dispute because none of the petitioners had entered into a contract with SS A and because the arbitration clause in Stallings's contract with the Board was limited to disputes between the contracting parties, i.e., Stallings and the Board. The trial court, relying on federal authority, held that the petitioners were equitably estopped from refusing to arbitrate and stayed the petitioners' action pending arbitration.
This Court has clearly and consistently held that " 'a party cannot be required to submit to arbitration any dispute he has not agreed to submit.' " Old Republic Ins. Co. v. Lanier,644 So.2d 1258, 1260 (Ala. 1994) (quoting A.G. Edwards Sons, Inc.v. Clark, 558 So.2d 358, 362 (Ala. 1990)). Furthermore, in Exparte Jones, 628 So.2d 316, 317 (Ala. 1993), we stated:
 "We note that [one of the parties on appeal] was not a party to the stock purchase agreement. Thus, [that party] has no standing to seek enforcement of the arbitration provision therein, and it would be error for the trial court to compel arbitration of claims against [it], under this arbitration provision."
The federal courts have held that a party in a construction contract dispute can be forced to arbitrate a claim under the theory of equitable estoppel, even though there is no written agreement to arbitrate between that party and the defendant, when the basis of the party's claim is that the defendant breached the duties and responsibilities assigned to the defendant by a contract, which contains an arbitration clause, between the defendant and a third party, because the claim is "intimately founded in and intertwined with the underlying [third party] contract obligations." Sunkist Soft Drinks, Inc.v. Sunkist Growers, Inc., 10 F.3d 753, 757 (11th Cir. 1993);McBro Planning Development Co. v. Triangle ElectricalConstruction Co., 741 F.2d 342, 344 (11th Cir. 1984); DunnConstruction Co. v. Sugar Beach Condominium Ass'n, 760 F. Supp. 1479
(S.D.Ala. 1991).
In Dunn Construction Co., 760 F. Supp. at 1482, the Court held:
 "In limited circumstances, one who is not a signatory or direct party to such a contract, but whose position or conduct vis-a-vis that contract or one of the parties thereto is such that one may be deemed a third party beneficiary of the contract or otherwise held to be bound by the terms thereof, may be compelled to arbitrate a dispute arising out of or relating to the contract. McBro Planning and Development Co. v. Triangle Electrical Construction Co., Inc., 741 F.2d 342 (11th Cir. 1984); Hughes Masonry Co., Inc. v. Greater Clark County School Building Corp., 659 F.2d 836 (7th Cir. 1981). . . ."
(Some citations omitted.) The Eleventh Circuit Court of Appeals further explained the reasoning behind the application of equitable estoppel in such situations in Sunkist Soft Drinks,Inc., in which it stated: *Page 863 
 "The McBro court noted the close relationship between the entities involved, as well as the relationship of the alleged wrongs to the nonsignatory's obligations and duties in the contract, and decided that the claims were 'intimately founded in and intertwined with the underlying contract obligations.' "
10 F.3d at 757.
AIA Document A201, paragraph 4.5.5, which is incorporated into the contract between Stallings and the Board, provides:
 "No arbitration arising out of or relating to the Contract Documents shall include, by consolidation or joinder or in any other manner, the Architect . . ., except by written consent containing specific reference to the Agreement and signed by the Architect, Owner, Contractor and any other person or entity sought to be joined. No arbitration shall include, by consolidation or joinder or in any other manner parties other than the Owner, Contractor [and others not relevant to the resolution of this action]."
There was no written consent signed by the architect, owner, and contractor specifically referencing the contract between Stallings and the Board. Not only was there no provision in the contract between Stallings and the Board that specifically required Stallings to arbitrate its differences with SS A, there was a provision in that contract that specifically prohibited it from doing so, which distinguishes this case from the federal cases relied upon by SS A. This Court will not adopt the doctrine of equitable estoppel in actions against architects when the contract between the owner and the contractor contains the language found in paragraph 4.5.5 of AIA Document A201, and there is no written consent containing a specific reference to an agreement signed by the architect, owner, and contractor.
WRIT GRANTED.
MADDOX, SHORES, KENNEDY, INGRAM, COOK, and BUTTS, JJ., concur.