On Rehearing Ex Mero Motu
This Court's opinion of May 31, 1996, is withdrawn, and the following is substituted therefor:
Walter Jones and Lois Jones petition for a writ of mandamus directing the trial court to vacate its order granting First Colonial Insurance Company's motion to compel arbitration.
A petition for the writ of mandamus is the appropriate means by which to challenge a trial court's order compelling arbitration. Ex parte Alexander, 558 So.2d 364 (Ala. 1990). Mandamus is an extraordinary remedy requiring a showing that there is: "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Edgar, 543 So.2d 682, 684 (Ala. 1989).
The Joneses entered into a loan agreement with The Money Tree, Inc., by which they *Page 1167 
borrowed $3,012 to purchase an automobile. Money Tree and its loan officer Jimmy Burnett procured a single-premium collateral insurance policy from First Colonial in the amount of $1,600 to cover the automobile. This insurance policy was a separate contract from the loan agreement. The premium was financed as part of the loan.
The car was subsequently destroyed by fire, and First Colonial paid $800 upon the Joneses' filing of an insurance claim. The car had an approximate value of $4,000. Thereafter, the Joneses sued Money Tree, First Colonial, and Jimmy Burnett, alleging fraud and bad-faith failure to pay a claim.
The loan contract between the Joneses and Money Tree contained an arbitration clause. Money Tree moved to stay the proceedings and to compel arbitration; the court granted that motion. First Colonial joined Money Tree's motion and was also granted arbitration. The arbitration clause included in the loan contract between the Joneses and Money Tree reads, in part, as follows:
 "All disputes, controversies or claims of any kind and nature between creditor and debtor arising out of or in connection with the within agreement as to the existence, construction, performance, enforcement or breach thereof shall be submitted to arbitration pursuant to the procedures under the following pre-dispute arbitration agreement:
 "(a) Any dispute, controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration in the State of Alabama in accordance with the commercial arbitration rules of the American Arbitration Association (The 'Arbitration Rules of the AAA') and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. . . ."
The Joneses argue that their claims against First Colonial are not subject to arbitration, because, they say, the arbitration agreement exists only between the Joneses and Money Tree. Although the Joneses were informed that collateral insurance was a requirement of the loan, there is no indication that they participated any further in the process by which the insurance was procured. Burnett procured the insurance policy from First Colonial. The Joneses say they received a copy of the First Colonial policy only after their car had been destroyed and they had made a claim against the insurance policy. First Colonial argues that the provisions of the insurance coverage were explained to the Joneses and that that fact is evidenced by the fact that the Joneses signed a loan confirmation sheet acknowledging that the provisions had been explained.
Although the loan contract between the Joneses and Money Tree had an arbitration clause, the form contract issued by First Colonial did not contain an arbitration clause. Therefore, the dispositive issue is: Did the trial court properly compel arbitration as to the Joneses' claim against First Colonial?
We must use general principles of contract interpretation to answer this question. In interpreting the arbitration clause found in the loan contract, we must consider the intent of the parties to that contract, those parties being the Joneses and Money Tree.
Federal law favors the enforcement of arbitration clauses under the Federal Arbitration Act ("FAA"), see 9 U.S.C. § 1-15 (1982). However, the FAA does not govern every contract containing an arbitration agreement. In order for the FAA to govern an agreement, (1) there must be a written agreement calling for arbitration and (2) the contract must relate to a transaction involving interstate commerce. Maxus, Inc. v.Sciacca, 598 So.2d 1376 (Ala. 1992). The contract issued by First Colonial does not meet that first requirement — it does not contain a written agreement calling for arbitration. Also, we note that the First Colonial insurance contract is signed only by Vance Martin, the president of Money Tree. As stated previously, the Joneses say they never saw the First Colonial contract until after the car had been destroyed.
There is a written arbitration agreement between the Joneses and Money Tree, i.e., between the creditor and the debtors.
Those are the parties referred to in the language of the arbitration agreement. The arbitration *Page 1168 
agreement is limited to the creditor and debtors in the loan transaction. The Joneses are the debtors and Money Tree is the creditor. First Colonial is not a signatory to the contract containing the arbitration clause, it is not the creditor, and it is not the debtor. The arbitration clause is limited to disputes between the Joneses and Money Tree as the contracting parties.
This Court has clearly held that one must be a signatory to a contract in order to be bound by the contract: "[A] party cannot be required to submit to arbitration any dispute he has not agreed to submit." Old Republic Ins. Co. v. Lanier,644 So.2d 1258, 1260 (Ala. 1994). In Ex parte Stallings Sons,Inc., 670 So.2d 861, 862 (Ala. 1995), we held: " 'We note that [one of the parties on appeal] was not a party to the stock purchase agreement. Thus, [that party] has no standing to seek enforcement of the arbitration provision therein, and it would be error for the trial court to compel arbitration of claims against [it] under this arbitration provision.' " (Quoting Exparte Jones, 628 So.2d 316, 317 (Ala. 1993)). Under this reasoning, the Joneses should not be compelled to arbitrate their claims against First Colonial, because First Colonial is not a party to the contract containing the arbitration provision. First Colonial has no standing to seek enforcement of the arbitration provision.
For the reasons stated above, the trial court erred in compelling arbitration of the Joneses' claims against First Colonial. There was no mutual agreement to submit to arbitration the issues between the Joneses and First Colonial. First Colonial is not a party to the contract containing the arbitration agreement, and it is clear from the language of the arbitration agreement that it applies only to the Joneses and Money Tree, the debtors and the creditor. The Joneses have shown a clear, legal right to the writ of mandamus.
OPINION WITHDRAWN; OPINION SUBSTITUTED; WRIT GRANTED.
ALMON, SHORES, INGRAM, COOK, and BUTTS, JJ., concur.
HOOPER, C.J., and MADDOX, J., dissent.