Duane Gray petitions for a writ of mandamus directing the Jefferson County Circuit Court to vacate its order staying his action against Crown Pontiac, Inc., and Crown's salesman, Shannon Pardue, pending arbitration. Specifically, Gray contends that because Pardue was not a signatory to the contract containing the arbitration agreement, he had no standing to compel Gray to arbitrate.
Gray argues that a party cannot be required to submit to arbitration any dispute he has not agreed to submit, citingEx parte Stallings Sons, Inc., 670 So.2d 861 (Ala. 1995). However, we consider the facts of Stallings to be clearly distinguishable from those of the present case. In Stallings, this Court did not allow arbitration to be forced against nonsignatories to the arbitration agreement. The petitioners inStallings were contractors involved in constructing an addition to the Bullock County Hospital. Sherlock, Smith Adams, Inc. (SS A), was the architectural firm hired by the Bullock County Hospital Board to design the project and to assist in overseeing its construction. Stallings involved two contracts. The one between the hospital board and the petitioners contained the arbitration agreement; SS A was not a signatory to that contract. The other contract was between the hospital board and SS A, and there was no arbitration clause in that contract. The contract between the petitioners and the hospital board contained no provision that specifically required the petitioners to arbitrate their differences with SS A. In fact, that contract between the hospital board and the petitioners specifically prohibited the petitioners from arbitrating their differences with SS A. Clearly, those facts are different from the facts in Gray's case.
The arbitration agreement included in the "Retail Buyer's Order" that Gray signed reads as follows:
 "I hereby acknowledge and agree that all disputes and controversies of every kind and nature between myself and Crown Pontiac Nissan, Inc., arising out of or in connection with the purchase of this vehicle by me, will be resolved by arbitration in accordance with the procedure set forth in this Retail Buyer's Order."
As the trial court noted in its order compelling arbitration, the thrust of Gray's complaint against Crown and Pardue is that Pardue, as Crown's agent, while acting within the line and scope of his agency, falsely represented the condition of the vehicle Gray was buying. Clearly, Gray's claim comes within the arbitration agreement, and that agreement is binding upon all the parties and is enforceable under the controlling law. SeeEx parte Gates, 675 So.2d 371 (Ala. 1996); and see Paine,Webber, Jackson Curtis, Inc. v. McNeal, 143 Ga. App. 579,239 S.E.2d 401 (1977) (holding that an employee — an account representative — of Paine, Webber, who was not a signatory to the contract containing the arbitration agreement, was entitled to the benefit of that agreement). A party should not be able to avoid an arbitration agreement merely by suing an employee of a principal.
Gray has not carried the burden of proof imposed on one petitioning for the writ of mandamus; therefore, the petition is denied.
WRIT DENIED.
HOOPER, C.J., and MADDOX, HOUSTON, COOK, and BUTTS, JJ., concur. *Page 252