KENNEDY, Justice.
The plaintiffs, G. Michael Stripling and his sister, Patricia S. Tobin, petition for a writ of mandamus directing Judge Jack D. Carl, of the Circuit Court of Jefferson County, to set aside an order compelling the arbitration of their claims against the defendants South-Trust Bank, N.A. (“SouthTrust”); South-Trust Securities, Inc. (“SouthTrust Securities”); and Timothy W. Bembry.
Mandamus is an extraordinary remedy requiring the petitioner to show: “(1) a clear legal right ... to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989). At issue here is whether Stripling and Tobin have a “clear legal right” to an order vacating the trial court’s order to compel arbitration of their claims against the defendants.
On February 20, 1996, Stripling and Tobin went to an office of SouthTrust to purchase certificates of deposit, as they had in the past. On this occasion, however, they say that their banker suggested that they consider another investment. Their SouthTrust banker introduced them to Timothy W. Bem-bry of SouthTrust Securities, who, Stripling and Tobin say, induced them to invest through SouthTrust Securities with the understanding that the investment would not be in mutual funds. According to Stripling and Tobin, they each signed an uncompleted application for a SouthTrust Securities account. Later, they say, documents from the transaction were mailed to them, along with copies of the application forms that Bembry had by then completed for them, and they say that when they received these documents *1283 they discovered that their investment was in a mutual fund.
Stripling and Tobin sued SouthTrust, SouthTrust Securities, and Bembry on various theories related to the placement of their investment in a mutual fund. Based on an arbitration provision contained in the applications the plaintiffs had signed for the South-Trust Securities accounts, the trial court ordered arbitration of their claims.
Stripling and Tobin say that the arbitration provision found on the reverse side of their account applications should be held unenforceable because, they say, they were unaware of what they call this “inconspicuous” provision. We disagree.
First, we observe that the arbitration provision is printed in boldface type on the reverse side of the account application and that it is expressly referred to on the front side of the document, immediately above the document’s signature line. The arbitration provision is of a print size as large as, or larger than, other print in the account application, and the arbitration provision is the only provision on the reverse side of the agreement that is in boldface. Although the provision certainly could have been more conspicuous, the provision clearly is not inconspicuous.
Second, it is undisputed that Stripling and Tobin, both competent and literate adults, freely signed the account applications and that they did not read them before signing. “[0]rdinarily when a competent adult, having the ability to read and understand an instrument, signs a contract, he will be held to be on notice of all the provisions contained in that contract and will be bound thereby.” Power Equipment Co. v. First Alabama Bank, 585 So.2d 1291, 1296 (Ala.1991).
As to SouthTrust and Bembry specifically, Stripling and Tobin also argue that as non-signatories to the arbitration agreement, those defendants lack standing to invoke the arbitration provision. That provision reads, in pertinent part:
“All controversies which may arise between the undersigned [Stripling and To-bin] and you [SouthTrust Securities] as introducing or clearing broker, your agents or employees, concerning any transaction or the construction, performance or breach of this or any other agreement between us ... shall be determined by arbitration....”
(Emphasis added.)
In their complaint, Stripling and To-bin allege, among other things, that Bembry is liable to them as an “agent” or “employee” of SouthTrust Securities.[1] Clearly then, the language of the arbitration provision, which expressly includes “agents or employees” of SouthTrust Securities, is broad enough to include Bembry, its employee. Ex parte Gray, 686 So.2d 250 (Ala.1996).
However, as to SouthTrust, Stripling and Tobin’s theory of recovery is apparently that it is liable for the actions of SouthTrust Securities as SouthTrust’s agent- (and Bem-biy, evidently, as SouthTrust’s subagent through his employment with SouthTrust Securities). They allege: “SouthTrust Bank is liable under the principles of master-servant, agency, employer-employee and respondeat superior for the actions and omissions of SouthTrust Securities, Inc. and Mr. Bembry.” (Emphasis added.)
In short, SouthTrust is not alleged to be the “agent or employee” of SouthTrust Securities—to which person the agreement expressly applies, but the opposite, the principal of SouthTrust Securities. Thus, in the context of the relationship of the defendants alleged in the complaint, the agreement would appear not to apply to claims against SouthTrust. The question arises, however, whether the arbitration provision otherwise encompasses claims against SouthTrust as a nonsignatory to the account agreement.
In this regard, Stripling and Tobin argue that a recent case of this Court, Ex parte Jones, 686 So.2d 1166 (Ala.1996), holds that a nonsignatory cannot be bound to an arbitration provision. We agree that this is-the general rule. The converse of that general rule is that, generally, a nonsignatory *1284 cannot compel arbitration. Nothing in this case indicates that some exception should apply.
Stripling and Tobin have not carried their burden of proof insofar as their petition for the writ of mandamus relates to SouthTrust Securities and Bembry. We hold that they have met this burden as to SouthTrust Bank; as to that defendant, we grant the petition.
WRIT GRANTED IN PART AND DENIED IN PART.
ALMON, SHORES, HOUSTON, COOK, and BUTTS, JJ., concur.
HOOPER, C.J., and MADDOX and SEE, JJ., concur in part and dissent in part.

. They state: “At all relevant times, Mr. Bembiy was an employee and/or agent of SouthTrust Securities and was acting within the line and scope of his employment.”