The facts here are undisputed. G. Michael Stripling and Patricia S. Tobin sued SouthTrust Bank, N.A., SouthTrust Securities, and Timothy Bembry, alleging that an agent of SouthTrust Bank had suggested to them that they consider not purchasing certificates of deposit, but investing in other securities, and had introduced them to Timothy Bembry, an employee of SouthTrust Securities, who with their money bought mutual funds, which they claim was contrary to their instructions. It is obvious that SouthTrust Bank was made a defendant because of its alleged participation in what plaintiffs allege caused them to be harmed.
Because the plaintiffs signed an agreement to arbitrate, the trial judge compelled them to do so. I think he was correct.
The Court disagrees and holds that SouthTrust Bank, as a nonsignatory to the agreement, cannot be compelled to arbitrate. The issue here is whether SouthTrust Bank must be a signatory to a contract in order for the provisions of the Federal Arbitration Act to apply to it.[2]
Federal courts have addressed this issue and have held, based upon the theory of estoppel, that "[a] signatory was bound to arbitrate with a nonsignatory at the nonsignatory's insistence because of the 'close relationship between the entities involved, as well as the relationship of the alleged wrongs to the nonsignatory's obligations and duties in the contract . . . and [the fact that] the claims were 'intimately founded in and intertwined with the underlying contract obligations.' "Thomson-CSF, S.A. v. American Arbitration Association,64 F.3d 773, 779 (2d Cir. 1995); see also Sunkist Soft Drinks, Inc. v.Sunkist Growers, Inc., 10 F.3d 753, 757 (11th Cir. 1993), cert. denied, 513 U.S. 869, 115 S.Ct. 190, 130 L.Ed.2d 123 (1994);McBro Planning Dev. Co. v. Triangle Elec. Constr. Co.,741 F.2d 342, 344 (11th Cir. 1984); J.J. Ryan Sons, Inc. v. RhonePoulenc Textile, S.A., 863 F.2d 315, 320-21 (4th Cir. 1988) (cited in my dissent in Ex parte Jones, 686 So.2d 1166
(Ala. 1996)).
There was a close relationship between Stripling, Tobin, and SouthTrust Bank. Stripling and Tobin alleged against each defendant improper acts concerning the purchase of mutual fund securities. Clearly, any alleged improper conduct on the part of SouthTrust Bank, which the Court says was a "principal" of SouthTrust securities, was "intimately founded in and intertwined with the underlying contract obligations"; otherwise, why were these defendants jointly sued?
Based on the foregoing, I must respectfully dissent from that portion of the opinion holding that the petitioners cannot be compelled to arbitrate their claims against SouthTrust Bank. Otherwise, I concur.
HOOPER, C.J., and SEE, J., concur.
[2] I do not think so. I addressed this same question in a dissenting opinion in Ex parte Jones, 686 So.2d 1166 (Ala. 1996). *Page 1285