709 So.2d 1198 (1998)
FORD MOTOR COMPANY
v.
John HALL.
1961744.
Supreme Court of Alabama.
January 30, 1998.
T. Michael Brown and Kenneth M. Perry of Bradley, Arant, Rose & White, L.L.P., Birmingham, for appellant.
John A. Tinney, Roanoke, for appellee.
PER CURIAM.
AFFIRMED. NO OPINION.
See Rule 53(a)(1) and (a)(2)(F), Ala. R.App. P.
ALMON, SHORES, KENNEDY, COOK, and BUTTS, JJ., concur.
HOOPER, C.J., and MADDOX, HOUSTON, and SEE, JJ., dissent (opinion by HOOPER, C.J.).
HOOPER, Chief Justice (dissenting).
I must respectfully dissent.
John Hall purchased a truck from the Midway Ford dealership. The buyer's order executed as part of the sales transaction included an arbitration clause. That arbitration clause specifically referred to only Hall and Midway Ford; it did not mention the manufacturer of the truck, Ford Motor Company. The truck developed mechanical problems, and Hall sued Ford Motor Company and Midway Ford, alleging fraud and breach of warranty. The trial court denied Ford Motor Company's motion to arbitrate, holding that because Ford was a nonsignatory to the contract containing the arbitration clause, it *1199 did not have standing to enforce the arbitration clause.
The arbitration clause stated that the buyer agreed to arbitrate "all claims, demands, disputes, or controversies of every kind or nature that may arise." Although Ford Motor Company was not a party to the sales contract, it is clear that a nonsignatory may enforce an arbitration agreement if the claims against it are intertwined with the underlying contract containing the arbitration clause. Gates v. Palm Harbor Homes, Inc., 675 So.2d 371 (Ala.1996); Thomson-CSF, S.A. v. American Arbitration Ass'n, 64 F.3d 773 (2d Cir.1995); Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc., 10 F.3d 753 (11th Cir.1993); McBro Planning & Development Co. v. Triangle Electrical Constr. Co., 741 F.2d 342 (11th Cir.1984). Ford Motor Company manufactured Hall's truck; Hall purchased it pursuant to a contract requiring arbitration of all disputes. Arbitration of the claims against Ford Motor Company should be compelled under this agreement because the claims against Ford are inextricably intertwined with the transaction between Hall and Midway Ford.
It is also clear that any doubt as to the scope of an arbitration agreement should be resolved in favor of arbitration. Allied-Bruce Terminix Companies v. Dobson, 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995). I have dissented from this Court's decisions on this issue in the past. See Ex parte Martin, 703 So.2d 883 (Ala.1996). I will continue to dissent as long as the majority continues to hold as it does today, because the law plainly allows a nonsignatory in a situation like the one now before us to compel arbitration.
MADDOX, HOUSTON, and SEE, JJ., concur.