The Silvernells, in connection with their purchase of real estate, purchased a title policy from First American Title Insurance Company ("First American"). Charles McDougle "was the closing attorney." Brief of Appellant, at 4. McDougle also "served as the agent and signatory for First American." Id. Hereinafter, he and his law firm, together, will be called "McDougle."
The closing occurred on September 15, 1994. At the closing, First American gave *Page 810 
the Silvernells a "commitment for an owner's policy of title insurance."Brief of Appellee, at 6. The commitment contained no arbitration clause. The seller paid for the title policy, pursuant to a provision in the real estate contract. Weeks later, that is, after all the moneyto First American had been paid and the deed had been signed anddelivered, First American's title policy arrived. It contained an arbitration clause.
Eventually, the Silvernells discovered a number of defects in their title. They sued, among others, First American and McDougle. McDougle moved to compel arbitration, on the basis of the arbitration clause in First American's policy. The trial court denied the motion and McDougle appealed. The majority opinion compels arbitration.
This case is clearly distinguishable from cases involving "fraternal benefit societies," whose duly enacted "changes" to, or "amendments" of, their constitutions may, pursuant to Ala. Code 1975, § 27-34-29(c), become a part of an existing insurance contract. See Clayton v. Woodmen of the World Life Ins. Soc.,981 F. Supp. 1447, 1448-49 (M.D. Ala. 1997); but see Ex parte Hopper, [Ms. 1970259, January 15, 1999] 736 So.2d 529 (Ala. 1999). Here, the purchase of the policy required a one-time payment, which was made weeks before the arbitration clause appeared. Not only was there no way for the Silvernells to manifest any acceptance of the new provision, they were practically stuck with it. As the trial court's order stated:
 "Once the sale of the real estate was closed (deed and money exchanged) and then later the policy issued, where, for the first time, the purchasers realize they are obligated to arbitrate their disputes regarding the title to the property, they cannot back out of the policy and thereby back out of the sale of the realty."
The result of the majority opinion is contrary to the law of contracts.
Moreover, McDougle relies on Ex parte Gray, 686 So.2d 250
(Ala. 1996), for the proposition that, as First American's agent, McDougle should be able to enforce the arbitration agreement. However, as the Silvernells point out, Gray is distinguishable in that the arbitration clause in Gray expressly included the seller's agents, while the arbitration clause in this case does not.
I respectfully dissent.