I concur in that section of the main opinion entitled "Agreement to Arbitrate." I agree that MS Life Insurance Company, as a nonsignatory, is not within the scope of the terms of the arbitration agreements, limited as they are to disputes between the "Purchaser" and the "Seller" or the "buyer/lessee" and the "dealer." Moreover, I do not consider that in presenting his claim against MS Life Insurance Company Roberson must ultimately rely on the terms of his agreement with Bay Chevrolet, Inc. Compare Hughes Masonry Co. v. Greater Clarke County SchoolBuilding Corp., 659 F.2d 836 (7th Cir. 1981), a case that served as the foundation for McBro Planning Development Co. v. TriangleElectric Construction Co., 741 F.2d 342 (11th Cir. 1984), andSunkist Soft Drinks, Inc. v. Sunkist Growers, Inc., 10 F.3d 753
(11th Cir. 1993), cert. denied, Sunkist Growers, Inc. v. Del MonteCorp., 513 U.S. 869 (1994), setting forth the rule requiring arbitration of claims against nonsignatories where they are intertwined with claims arising under the contract containing the arbitration clause. In Hughes Masonry Co., the United States Court of Appeals for the Seventh Circuit compelled arbitration between the plaintiff and a nonsignatory where the plaintiff had to rely on the terms of the agreement containing the arbitration clause in order to make out its case against the nonsignatory. As previously noted, such is not the case here. *Page 450 
As to the other sections of the main opinion, I concur only in the result. I cannot subscribe to the view that Rule 58(b), Ala.R.Civ.P., can be overlooked in a setting where it is clear that the trial court did not initial or sign the entry on the case action summary. To allow an amendment nunc pro tunc would breathe life into an "order" that, by the express terms of Rule 58, has no effect.