HOOPER, Chief Justice
(dissenting).
I must respectfully dissent. I agree with the trial court’s determination that Lovejoy’s claims against New South Bank and Vesta are “inextricably intertwined.” See my dissent in Ford Motor Co. v. Hall, 709 So.2d 1198 (Ala.1998), and the cases cited therein. “[I]t is clear that a nonsignatory may enforce an arbitration agreement if the claims against it are intertwined with the underlying contract containing the arbitration clause.” 709 So.2d at 1199 (Hooper, C.J., dissenting).
Lovejoy’s claim against Vesta is premised upon the original contract requiring that Lovejoy maintain insurance on the vehicle. That contract gave Allen Motor Company and its assignee, New South Bank, the right to purchase insurance for the vehicle if Lovejoy permitted his insurance to lapse. Lovejoy was not a party to the insurance contract between New South Bank and Vesta; therefore, his claims against Vesta, especially the breach-of-contract claim, must be based on the loan contract. Because Lovejoy’s claims against Vesta are intertwined with the underlying contract containing the arbitration clause, the trial court properly compelled Lovejoy to arbitrate his claims against Vesta. Therefore, the petition for the writ of mandamus should be denied.
MADDOX and BROWN, JJ., concur.