I concur in Part I of the majority opinion; I agree that Auvil is not entitled to compel arbitration because Amy did not agree to submit her claims to arbitration. I concur only in the result, however, of Part II of the majority opinion, because I disagree with the reasoning of the majority opinion on the issue discussed in Part II.
In Part II of its opinion, the majority holds that Auvil does not have standing to enforce the arbitration agreement, to which he was not a signatory, because he is neither a party to, nor a beneficiary of, the contract containing the arbitration agreement. I would not reach that issue, because I believe that the issue the majority addresses in Part I of its opinion is dispositive of the case. I agree with the majority's conclusion in Part I that Auvil is not entitled to enforce the agreement against Amy because Amy is not a signatory to the arbitration agreement and because that agreement was not incorporated into the application for insurance that she did sign.
Auvil argues that the arbitration agreement was a supplement to the insurance application, which both Amy and Duane signed, and that, because she signed the application, Amy was bound by the terms of the arbitration agreement. I disagree. By signing the application, Amy was only declaring that the answers on the application and on all supplements submitted with the application were "full, complete and true, to the best of [her] knowledge and belief." She did not agree to the incorporation of the arbitration agreement into the application.
In his brief, Auvil points out that this Court has repeatedly recognized the broad federal policy in favor of arbitration. See, e.g,Homes of Legend, Inc. v. McCollough, 776 So.2d 741 (Ala. 2000). As the United States Supreme Court has held, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." MosesH. Cone Memorial Hospital v. Mercury Constr. Corp., 460 U.S. 1, 24-25
(1983) (footnote omitted). However, the Supreme Court has made it equally clear that a party may not be compelled to arbitrate a dispute that he or she did not agree would be the subject of arbitration. See AT TTechnologies, Inc. v. Communications Workers of America, 475 U.S. 643,648 (1986); see also Ex parte Stallings Sons, Inc., 670 So.2d 861, 862
(Ala. 1995). *Page 352 
The insurance application that Amy signed does not purport to incorporate the terms of the arbitration agreement. The language that Auvil relies on as evidence indicating that that agreement was incorporated into the application — the statement that by signing the application the signatories were affirming that all information included in the application and in any supplements to the application was true — is insufficient, in the absence of any additional evidence, to support a conclusion that Amy's signature on the application bound her to the terms of the arbitration agreement.
For the foregoing reasons, I concur in Part I of the majority's opinion and I concur in the result as to Part II.