[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 15-14872, 15-15759

_____

D.C. Docket No. 1:07-cv-00741-RWS

EDWARD TRONNES, et al.,

                                                    Plaintiffs-Appellants,

versus

MOE'S SOUTHWEST
GRILL, LLC, et al.,

                                                    Defendants-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(November 15, 2016)

Before ROSENBAUM and JULIE CARNES, Circuit Judges, and UNGARO,[*]
District Judge.

PER CURIAM

---

[*] Honorable Ursula Ungaro, United States District Judge for the Southern District of Florida, sitting by designation.

## I.    <u>Background</u>

This is an appeal from judgment entered in favor of Defendants and against Plaintiffs after a seven day bench trial. (ECF Nos. 588-598.)

Plaintiffs, who are Moe's Southwest Grill franchisees, alleged that they "overpaid and continue to overpay for food, supplies, equipment, and other goods and services used in their franchise operations, as a result of a 'kickback' arrangement benefiting the Defendants." (ECF Nos. 506, 94 ¶¶ 59-72.) Plaintiffs further alleged that they were entitled to disgorgement of the overpayments because Defendants failed to disclose the kickback arrangement in violation of common law, FTC regulations and each of the plaintiffs' relevant state's consumer protection act. (*Id.*)

After conducting a bench trial, the district court issued Findings of Fact and Conclusions of Law finding in favor of Defendants and entered judgment accordingly. (ECF No. 599.) Thereafter, the district court granted Defendants' motion for attorneys' fees and awarded Defendants attorneys' fees in the amount of $938,234.90 based upon a provision in the Market Development Agreements ("MDAs") into which Plaintiffs had entered providing for an award of attorneys' fees to the franchisor, its agents or employees as the prevailing parties in any

2

action "arising out of or related to" the MDAs. (ECF No. 618.)  Plaintiffs timely filed this appeal challenging both the judgment in favor of Defendants and the fee award. (ECF Nos. 625, 647.)

## II.    Standard of Review

We review findings of fact made by district courts under the clearly erroneous standard and conclusions of law *de novo. Thomas v. Bryant,* 614 F.3d 1288, 1303 (11th Cir. 2010).

## III.    Analysis

After reviewing the record and the parties' briefs, we affirm the judgment entered in favor of Defendants based on the district court's well-reasoned Findings of Fact and Conclusions of Law. (ECF No. 599). However, we reverse the district court's award of attorneys' fees because the court erred in finding that Plaintiffs' claims arose from or related to the MDAs signed by the parties.

The district court awarded Defendants attorneys' fees, in the amount of $938,234.90, based solely on the attorneys' fees provision in the MDAs signed by each franchisee and Appellee Moe's Southwest Grill, LLC (ECF No. 618.) The district court found that "the relationship between the parties resulting from the Franchise Agreements arose from and related to the initial MDAs entered into by the parties . . . [such that] Defendants are entitled to recover reasonable attorneys'

3

fees and costs associated with defending this action pursuant to the terms of the MDAs." (*Id.* at 4-5).

"Because contract interpretation is a question of law, we review the district court's interpretation of the contract and subsequent [award] of attorneys' fees *de novo.*" *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1329 (11th Cir. 1998) (internal citations omitted). In this Circuit, "[d]isputes that are not related—with at least some directness—to performance of duties specified by the contract do not count as disputes 'arising out of' the contract." *Telecom Italia, SpA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1116 (11th Cir. 2001); *Gregory v. Electro-Mech. Corp.*, 83 F.3d 382, 386 (11th Cir. 1996); *McBro Planning & Dev. Co. v. Triangle Elec. Const. Co.*, 741 F.2d 342, 344 (11th Cir. 1984), *abrogated on other grounds by Lawson v. Life of the S. Ins. Co.*, 648 F.3d 1166, 1171 (11th Cir. 2011); *Seaboard Coast Line R.R. Co. v. Trailer Train Co.*, 690 F.2d 1343, 1349-50 (11th Cir. 1982).

The relevant provision of the MDAs providing the basis for the district court's award of attorneys' fees is as follows:

> Should Developer institute an action against Franchisor or any of Franchisor's agents or employees for any claim arising out of or related to this Agreement, Franchisor (or its agents or employees), if it prevails, shall recover from Developer its costs and reasonable attorneys' fees incurred in defending said action.

Record at 1869 § 21.[1]

The district court erred in finding that Plaintiffs' claims arise out of or relate to the MDAs.[2] Plaintiffs' Third Amended Complaint alleged claims based entirely on Plaintiffs overpaying for food, supplies, equipment and other goods and services due to an illegal kickback scheme, which Defendants failed to disclose to Plaintiffs in violation of state law and federal regulations. (ECF Nos. 506, 94 ¶¶ 59-72.)  These allegations relate directly to the Franchise Agreements which governed the operation of each franchise, including "prepar[ing] and sell[ing] all products sold" by franchisees, but lack any direct relationship to the MDAs which first granted franchisees the right to develop Moe's Southwest Grill restaurants subject to the franchisor's requirements. Record at 1860-1877, 1835-57, 1839 § 7(a).

Having reviewed and interpreted the MDAs and FAs *de novo*, we therefore conclude that because: (1) there is no dispute that Plaintiffs' claims arise out of and relate to an alleged kickback scheme that took place and impacted franchises

---

[1] Because each of the MDAs and Franchise Agreements ("FAs") executed by the parties are identical, we cite only to the MDA and FA executed by Robert Dreesch, Steve Egan-Fowler and Brad Dunning.

[2] The district court did not address whether Defendants Raving Brands Holding, Inc., Raving Brands, Inc., H. Martin Sprock, III ("Sprock"), or Moe's Southwest Grill Holdings, LLC, were "agents or employees" of Moe's Southwest Grill, LLC, such that these Defendants could recover attorneys' fees under fee provision of the MDAs. (*See* ECF No. 618.) While Sprock was almost certainly an employee or agent of Moe's Southwest Grill, LLC and could, therefore, recover attorneys' fees for disputes arising out of or relating to the MDAs, the relationship between the remaining Defendants and Moe's Southwest Grill, LLC is unclear.

5

during the operation of each respective franchise; and (2) the language employed in the MDAs and FAs plainly shows that the operation of each franchise is governed by the FAs and not the MDAs, Plaintiffs claims do not "arise out of or relate[] to" the MDAs and the award of attorneys' fees was error. *Telecom Italia*, 248 F.3d at 1116; *see also Seaboard Coast Line R.R. Co.*, 690 F.2d at 1349-50 (claim did not arise under contract where the contract did "not profess to cover all present and future aspects of the relationship between [the parties]" but was instead "a contract of limited application").

**AFFIRMED IN PART AND REVERSED IN PART.**